UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DORINA SOKOLOVSKY,

                Plaintiff,                        Case No.: 20-cv-04116

    - against -

OORAH, INC., OORAH CATSKILL RETREAT LLC
a/k/a "THE ZONE" and GITTIE SHEINKOPF,

                Defendants.
-------------------------------------------------------------------x

## STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

This matter having come before the Court by stipulation of plaintiff, DORINA SOKOLOVSKY, and defendants, OORAH, INC., OORAH CATSKILL RETREAT LLC a/k/a "THE ZONE," and GITTIE SHEINKOPF, for the entry of a protective order, limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

**IT IS HEREBY ORDERED THAT:**

1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "**Documents**" or "**Testimony**").

2. Each party may designate Documents produced, or Testimony given, in connection with this action as "confidential," either by notation on the document, statement on the record

of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means. Each party shall endeavor to designate as little as possible as "confidential." Any Party may only designate its own documents and testimony as Confidential Information, not those produced by another Party or non-party. Confidential Information shall not be redacted or withheld from disclosure to any party solely on the basis of it being designated Confidential Information. Any designation that testimony or a document are confidential shall specify the testimony and the document, or portions of the document, that are confidential; blanket or general designations shall not be allowed. The Parties reserve the right to move for a protective order relating to any sensitive information if they have a good faith basis to do so.

3. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony designated as such by a Party, and all information contained therein, if such Documents or Testimony contains:

i. Medical information, psychological information, or any other sensitive health related information.

ii. Trade secrets, confidential research and development information, marketing plans, revenue information, pricing information and proprietary business information.

iii. Personally identifying information of a non-party. A non-party full-time or senior administrative employee of any party shall not be designated by any party as "Confidential Information" without a Meet & Confer between counsel, which may be done by email. If personally identifying information of a non-

party is designated as "Confidential Information," it will nevertheless be disclosed to the parties. This includes any potential witness, including any alleged victims of sexual abuse or the identity of those who allegedly abused them.

    iv.    Any other category of confidential information or proprietary information that the Court subsequently affords confidential status.

The designation of any material as confidential under this agreement, and/or the failure to contest that designation, shall not serve as a presumption or evidence that material is confidential for the purposes of using or filing the material or information before a Court.

(b)      "Producing Party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document production or otherwise.

(c)      "Receiving Party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

(d)      "Confidential Information" shall not include Documents or Testimony or Interrogatory Responses that (i) are publicly available or become publicly available after disclosure (other than by an act or omission of the Receiving Party to whom such disclosure is made in violation of this Order); (ii) were in the possession of the Receiving Party prior to discovery in this matter; or (iii) are held by the Court not to constitute Confidential Information. Nothing in

this Order shall preclude a Party from discussing their own personal experience or information, notwithstanding the designation of any Documents, Testimony or Interrogatory Responses discussing such information as "Confidential." Nothing in this Order shall preclude a Producing Party using its own Confidential Information in the ordinary course of that Party's affairs unrelated to the Parties' dispute. *E.g.,* a Party that produces medical records and designates them as Confidential Information may provide those records to that Party's own medical providers and experts.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. The Parties reserve the right to seek attorney's fees against any Party that inappropriately marks material confidential and the Court later deems the material to be not confidential.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

    a.    personnel of plaintiff or defendant actually engaged in assisting in the preparation of this action for trial or other proceedings herein and who have been advised of their obligations hereunder;

    b.    counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceedings herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

    c.    expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceedings herein.

    d.    the Court and court personnel, if filed in accordance with paragraph 10 hereof;

    e.    an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 9 hereof;

    f.    trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 8 and 9, respectively, hereof; and

    g.    any other person agreed to by the parties.

6.    Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

7. Any party who wishes to designate any portion of a deposition as Confidential Information, must make the appropriate showing and follow the procedure set forth in paragraph 10 within fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties.

8. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

9. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof.

10. A Receiving Party who seeks to file with the Court any document designated as containing Confidential Information shall either:

(a) provide all other parties with seven (7) days' written notice of its intent to file such material with the Court, so that the Producing Party may file by Order to Show Cause a motion to seal such Confidential Information. The Confidential Information shall not be filed until the Court renders a decision on the motion to seal. In the event the motion to seal is granted, all documents designated as containing Confidential Information, shall be filed in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR

    THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION"

    as an indication of the nature of the contents, OR

    (b)  publicly file a redacted copy of the document designated as containing Confidential Information via the Electronic Case Filing System.  The Parties shall file an unredacted copy of the document designated as containing Confidential Information under seal with the Clerk of this Court, and the Parties shall serve (via email or US mail) this Court and opposing counsel with unredacted courtesy copies of the submission.

11. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 3 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

12. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

13. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of

confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

14. This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any the Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

15. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

16. This Stipulation supersedes any prior stipulation regarding confidentiality in this case.

17. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated: New York, New York
May 6, 2022

| TWERSKY PLLC | JAMES, VERNON & WEEKS, P.A. |
|---|---|
| By: _____ *(signed)* Aaron Twersky, Esq. | By: _____ *(signed)* Leander James, Esq. |

8

747 Third Avenue, 32nd Floor
New York, New York 10017
atwersky@twerskylaw.com
*Attorneys for Defendant*
*Gittie Sheinkopf*

1626 Lincoln Way
Coeur D'Alene, Indiana 83814
ljames@jvlaw.net
*Attorneys for Plaintiff*
*Dorina Sokolovsky*

**SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.**

By: _____
Carla Varriale, Esq.
777 Third Avenue, Suite 2400
New York, New York 10017
cvarriale@smsm.com
*Attorneys for Defendants*
*Oorah, Inc. and Oorah Catskill Retreat LLC a/k/a "The Zone"*

**SO ORDERED:**

_____ Date: 6-1-2022
Hon. Cheryl L. Pollak, USMJ

9