


June 2, 2023

Hon. Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 13B-South
Brooklyn, New York 11201

    Re: Sokolovsky v. Oorah, Inc. et al.
        Case No. 1:20-cv-04116

Dear Honorable Judge Pollak:

    I write pursuant to Federal Rules of Civil Procedure 26, 30 and 37 and Rule 1 of the Court's Motion Procedures and Rules, along with the parties' deposition schedule agreed to during the April 18, 2023 Status Conference, memorialized in Dkt. 76. Unfortunately, the parties once again need the Court's guidance regarding scheduling and conducting depositions. The parties met and conferred numerous times over the past three years regarding the scheduling of Plaintiff's and Defendant Gittie Sheinkopf's deposition, they met and conferred by Zoom during the second deposition of Plaintiff on June 1, 2023, regarding the rescheduling and length of Plaintiff's deposition and they met and conferred again by email on June 1-2 regarding Sheinkopf's refusal to sit for her deposition for a second time on a date previously agreed to in violation of that agreement, and a duly served Subpoena and Notice of Deposition. The parties are now at an impasse. Plaintiff seeks the Court's guidance with the following motions.

    **PROTECTIVE ORDER**

    Plaintiff has sat for deposition on two days for ten hours, nine minutes and thirty-four seconds. Defendants contend they have the right to continue to depose her for a third day for more than three hours.

    Pursuant to Fed. R. Civ. P. 30, Plaintiff respectfully moves this Honorable Court for an order protecting Plaintiff from Defendants deposing her further, or, alternatively to limit Defendants' time to depose Plaintiff.

    Pursuant to Rule 30(d), Motion to Terminate or Limit, and unless otherwise stipulated, a deposition is limited to 1 day of 7 hours. *Id.* Plaintiff's Counsel certifies that on May 24, 2023, according to the videographer, Counsel for Oorah deposed Plaintiff for six hours, forty-nine

minutes and fifty-one seconds. During a brief discussion, Counsel for Defendant Gittie Sheinkopf ("Sheinkopf") requested additional time to question Plaintiff. Plaintiff agreed to sit for a second day of deposition on the condition her deposition would be completed that second day. Defendants agreed.

On June 1, 2023, Plaintiff sat for a second day of deposition that was to commence at 1:00 p.m. However, Defendant Sheinkopf's counsel was late, and the deposition commenced at approximately 1:40. Defendant Sheinkopf's Counsel then deposed Plaintiff for an additional three hours, nineteen minutes and forty-three seconds, less short discussions between counsel during which Plaintiff's Counsel warned Defendant Sheinkopf's Counsel that he was beyond the time allowed in federal court for the deposition and asked him to avoid repetitive questioning. Plaintiff's counsel further explained that the deposition needed to end by 6:00 p.m. so Plaintiff, a nursing student, could prepare for an exam the next day. The parties agreed to stop the deposition at 6:00 p.m. At the end of this second day of testimony, Defendant Sheinkopf's Counsel stated that he needed at least three or more additional hours to depose Plaintiff. Defendant Oorah's Counsel further indicated she had additional questions. Both Defendants' Counsel contended they have the right to continue to depose Plaintiff for a third day.

Plaintiff is a sexual abuse survivor and a nursing student. The scheduling of her depositions and the extended questioning have caused her considerable stress and have disrupted her schedule in nursing school. While Plaintiff fully recognizes that when one brings a lawsuit they must accept it will involve emotional stress and inconvenience, Plaintiff submits that Defendants deposing Plaintiff for more than ten hours without requesting leave of Court is unreasonable and warrants an order protecting her from further questioning by Defendants.

Defendants' extended questioning of Plaintiff beyond the allowable time has additionally deprived Plaintiff's Counsel the opportunity to question Plaintiff and rehabilitate her. This materially prejudices Plaintiff.

Therefore, Plaintiff respectfully moves this Honorable Court for an order protecting Plaintiff from Defendants deposing her further, or, alternatively, to limit Defendant's time to depose Plaintiff.

**MOTION TO COMPEL**

Defendant Sheinkopf is the alleged perpetrator. Defendant Sheinkopf's deposition was duly noted and she was duly subpoenaed for a second deposition on an agreed date and time, June 5, 2023. Yet, for a second time, her counsel, days before the deposition stated his client will not appear for her deposition. See Exhibit 1 submitted herewith, wherein, Defendant Sheinkopf's counsel informed Plaintiff's Counsel, ". . . my client will not appear on Monday . . ." Plaintiff further incorporates by reference Dkt. 63 and Dkt. 67, wherein Plaintiff detailed previous difficulties with obtaining Defendant Sheinkopf's deposition.

Plaintiff seeks an Order of this Court: 1) compelling Defendant Sheinkopf to sit for deposition on a day certain; 2) for Defendant Sheinkopf to pay Plaintiff's deposition cancellation

fees resulting from her refusal to sit for two scheduled depositions; and 3) for further relief the Court deems just.

**CONCLUSION**

Plaintiff respectfully requests that the Court enter the above-requested orders.

Should the Court schedule a hearing or conference in this matter, Plaintiff requests that the Court consider Plaintiff's Counsel Leander L. James is unavailable from June 14 through July 3, 2023, because he is attending mediation in the Rochester Diocese Bankruptcy case in New York City on June 15, then traveling to Houston, TX, for a three-week trial in the United States District Court for the Southern District of Texas.

    Respectfully submitted,

JAMES, VERNON & WEEKS, P.A.

/s/ Leander L. James

By: _____
    Leander L. James