UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DORINA SOKOLOVSKY,

                    Plaintiff,

      -against-                                  **ORDER**
                                               20 CV 4116 (DG) (CLP)

OORAH, INC., *et al.*,

                    Defendants.
-----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

On August 5, 2020, plaintiff Dorina Sokolovsky ("Sokolovsky") commenced this action against defendants Oorah, Inc. and Oorah Catskills Retreat LLC a/k/a "The Zone" (the "Oorah defendants"), as well as defendant Gittie Sheinkopf ("Sheinkopf"), in the Supreme Court of the State of New York, Kings County. Plaintiff alleges that she was sexually assaulted by Sheinkopf while attending a summer camp owned and operated by the Oorah defendants and while Sheinkopf was an employee thereof. (Complaint (ECF No. 1-2)). Defendants removed this action to federal court on September 2, 2020. (ECF No. 1).

Currently pending before this Court are several motions concerning depositions and other discovery issues. (ECF Nos. 79–82). For the reasons set forth below: (1) plaintiff is ordered to produce the documents and communications described herein, or an affidavit confirming that no such documents could be located upon a reasonable search, by **September 8, 2023**; (2) plaintiff is ordered to sit for an additional three hours of examination by defendant Sheinkopf's counsel by **September 22, 2023**; (3) defendants are ordered to produce defendant Sheinkopf and Rabbi Binyomin Gissinger for deposition by plaintiff's counsel by **October 23, 2023**; and (4) the Oorah defendants are ordered to show cause, by **August 29, 2023**, why their exhibits filed in connection with these motions should be sealed.

1

A. <u>Plaintiff's Document Productions</u>

Plaintiff has asserted in both deposition testimony and in her initial disclosures that she has had communications with more than a dozen individuals regarding her allegations in this case. (<u>See</u> ECF No. 80 at 4). Defendant Sheinkopf moves to compel plaintiff to produce those communications and related documents, noting that despite Sheinkopf's discovery demands, plaintiff has produced "virtually no communications" with these individuals and plaintiff "has failed to provide information about how she searched for electronic records relevant to this matter." (<u>Id.</u> at 5–6). Plaintiff responds only by stating that she is "well aware of her ongoing obligation to produce documents in discovery" and that "she will do so if they are found." (ECF No. 83 at 4).

Defendant Sheinkopf's motion to compel is granted, and plaintiff is ordered to produce all documents and communications regarding plaintiff's relevant conversations with the individuals identified in defendant Sheinkopf's letter. In the event that plaintiff cannot identify any such documents or communications, plaintiff shall file an affidavit with this Court verifying the absence of any responsive documents and detailing her search efforts. Plaintiff shall comply with this Order no later than **September 8, 2023**.

B. <u>Continued Depositions of Plaintiff</u>

Plaintiff moves for a protective order limiting the extent to which defendants may further depose her. (ECF No. 79 at 1–2). Defendants oppose that motion and move to compel plaintiff to sit for additional questioning. (ECF Nos. 80, 82). Plaintiff has already sat for two days of depositions, totaling approximately seven hours of questioning by the Oorah defendants and approximately three hours of questioning by defendant Sheinkopf. (<u>See</u> ECF No. 79 at 1–2; ECF No. 83 at 2). Defendants nonetheless contend that they require additional time to adequately question plaintiff about certain key aspects of this case.

2

The Oorah defendants are not permitted to further depose plaintiff at this time. Despite having already deposed plaintiff for nearly seven hours, the Oorah defendants elected not to focus their questions on certain matters, including several aspects of the nature of the alleged abuse. (See ECF No. 83 at 2). The Oorah defendants argue that they require additional time to question plaintiff regarding her testimony that the alleged abuse occurred in 2009, not 2010, as alleged in her Complaint. (See ECF No. 82 at 3–4). However, given that said testimony was elicited relatively early in the Oorah defendants' deposition of plaintiff (see Dep. Tr. at 78:4–10),[1] the Oorah defendants had ample opportunity to question plaintiff about that new information throughout the remainder of the deposition, and in fact did so on several occasions (see id. at 88:2–25, 95:20–24, 109:20–24, 124:11–17, 138:20–139:5; 160–162).[2] The Oorah defendants have failed to explain why they could not have adequately explored this issue in the time allotted; thus, their motion to compel plaintiff to sit for more time is denied. See, e.g., Margel v. E.G.L. Gem Lab Ltd., No. 04 CV 1514, 2008 WL 2224288, at *8 (S.D.N.Y. May 29, 2008) (noting that depositions are "presumptive[ly]" limited to seven hours but "can be extended for good cause shown"); Arista Records LLC v. Lime Grp. LLC, No. 06 CV 5936, 2008 WL 1752254, at *1 (S.D.N.Y. Apr. 16, 2008) (holding that courts have "broad discretion" to determine the appropriate length of depositions).[3]

Defendant Sheinkopf, however, has only questioned plaintiff for approximately three hours and has not yet had the opportunity to explore several areas pertinent to plaintiff's claims

---

[1] Citations to "Dep. Tr." refer to the transcript of plaintiff's deposition on May 24, 2023. (ECF No. 82-1).
[2] This list is not exhaustive; the Court is unable to determine whether the Oorah defendants asked additional questions concerning the alleged events in 2009, as the deposition transcript was filed with substantial redactions.
[3] The Oorah defendants' motion to strike plaintiff's testimony regarding alleged abuse or misconduct in 2009 (see ECF No. 82 at 4) is denied as premature. The Oorah defendants may file a separate motion concerning their request to depose non-party Leah Forster (see id. at 2) should they continue to feel such a deposition is necessary.

3

against Sheinkopf, including several aspects of her allegations of sexual misconduct by Sheinkopf. (See ECF No. 80 at 3). Accordingly, the Court grants Sheinkopf's request to continue plaintiff's deposition, but limits the time allotted to an additional three hours. Plaintiff is ordered to appear for her continued deposition no later than **September 22, 2023**, and shall do so after producing the documents or affidavit described above.

    C. <u>Depositions of Sheinkopf and Rabbi Gissinger</u>

Plaintiff also moves to compel the depositions of defendant Sheinkopf and Rabbi Gissinger. (ECF No. 79 at 2–3; ECF No. 83 at 3). This Court previously ordered that those depositions were to be completed by the end of June 2023. (March 2, 2023 Electronic Order). Despite that order, defendants have refused to produce the aforementioned witnesses until defendants have completed their depositions of plaintiff. (See ECF No. 79 at 2–3; ECF No. 80 at 5; ECF No. 83 at 3). Plaintiff is entitled to depose the witnesses without excessive delay, and defendants are ordered to cooperate with plaintiff such that she may complete her depositions of both Sheinkopf and Rabbi Gissinger by **October 23, 2023**.

    D. <u>Oorah Defendants' Motion to Seal</u>

In connection with the above motions, the Oorah defendants filed redacted excerpts of the transcript from plaintiff's first day of deposition testimony. (See ECF Nos. 82-1, 84-1). The Oorah defendants moved to file under seal the unredacted version of that transcript, along with a copy of plaintiff's discovery responses, noting that they "may contain sensitive information." (ECF No. 81; <u>see also</u> ECF No. 82 at 2 n.1). That assertion alone is not sufficient justification to seal the documents at issue.[4] The Oorah defendants are therefore ordered to show good cause

---

[4] Plaintiff has not responded to the Oorah defendants' sealing motion.

why the exhibits filed in connection with their motions should be sealed, or otherwise file unredacted versions of the exhibits, by **August 29, 2023**.

E. Revised Discovery Schedule

The parties are ordered to file a joint status report proposing a revised discovery schedule by **November 10, 2023**. The parties are further ordered to appear for a Status Conference on **November 14, 2023, at 4:15 p.m.** The Status Conference will proceed via AT&T conference call. Please dial 877-336-1839 at 4:15 p.m. Enter Access code: 380-1746 and security code: 20-4116. The parties should be prepared to discuss the status of discovery, including the need for any additional depositions, and the parties' proposed deadlines.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
August 22, 2023

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York