

September 15, 2023

**Via ECF**

Hon. Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 13B-South
Brooklyn, New York 11201

                    Re:    *Dorina Sokolovsky v. Oorah, Inc., Oorah Catskill Retreat LLC a/k/a "The Zone" and Gittie Sheinkopf*
                              Case No. 1:20-cv-04116

Dear Judge Pollak,

      I am an attorney with the law firm of Twersky PLLC, counsel for Defendant Gittie Sheinkopf ("Sheinkopf") in the captioned matter. I respectfully submit this pre-motion letter seeking to file a motion for sanctions against Plaintiff and Plaintiff's counsel.

      As this Court is aware, on or about June 9, 2023, Sheinkopf filed a letter motion seeking outstanding paper discovery due from Plaintiff and regarding continuing Plaintiff's deposition ("Letter Motion"). The Court partially granted Sheinkopf's Letter Motion, and ordered Plaintiff "to produce all documents and communications regarding plaintiff's relevant conversations with the individuals identified in defendant Sheinkopf's letter" or "an affidavit confirming no such documents could be located upon a reasonable search." *See* ECF No. 86. The Court further ordered Plaintiff's compliance by September 8, 2023. *See* ECF No. 86. However, Plaintiff did not produce documents nor did she provide an affidavit stating no documents could be located after a reasonable search.

      As such, Plaintiff has failed to comply with the Court's Order and an award of sanctions is warranted. Additionally, Sheinkopf seeks an extension of her deadline to complete the continued deposition of Plaintiff until after Plaintiff complies with this Court's previous Order for production. Plaintiff's continued deposition is currently scheduled for September 19, 2023.

      **I.**    **<u>Plaintiff Failed To Produce Documents As Per The Court's Order</u>**

      Plaintiff's failure to comply with this Court's Order is grounds for sanctions pursuant to FRCP 37(b)(2). Sanctions may be imposed against a party or their counsel for deliberate failure to comply with a court order. *See Drywall Tapers, Local 1974 v. Local 530*, 889 F.2d 389, 394 (2d Cir. 1989), cert. denied, 494 U.S. 1030 (1990); *see also Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981) (explaining "[a] court has the inherent power to hold a party in civil contempt in

Hon. Cheryl L. Pollak
September 15, 2023
Page 2

order 'to enforce compliance with an order of the court or to compensate for losses or damages' "), quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949); *see also Sullivan v. Aircraft Servs. Grp., Inc.*, 2022 WL 16901850, at *2 (E.D.N.Y. Nov. 10, 2022).

There is no doubt that Plaintiff failed to comply with the Court's Order, which warrants the grant of sanctions. Plaintiff claims to have complied with the Court's Order by submitting an affidavit. *See* ECF No. 91, ¶ 3. However, the examples of how she searched for emails all ***pre-date the Court's recent Order***. *See* ECF No. 91, ¶ 5. In addition, Plaintiff admits that she is not properly equipped to do the searches and that neither she nor her counsel have searched documents that were recently collected. *See* ECF No. 91, ¶ 6.

For instance, Plaintiff notes that she collected her emails and searched for certain individuals, however, Plaintiff did not produce the communications with those individuals. *See* ECF No. 91, ¶ 6(B). As she notes, she is in the process of sorting through queries for further production. *See* ECF No. 91, ¶ 6 (B)(b). In other words, this Court's Order to produce communications between Plaintiff and certain individuals by September 8, 2023 was not complied with, ***as Plaintiff has not produced any communications***. Further, Plaintiff's affidavit does not state that there is a lack of such responsive communications. Rather, it states that Plaintiff has not completed her review.

Additionally, in defiance of the Order, Plaintiff states that she searched for email communications with certain individuals, but not all. *See* ECF No. 91, ¶ 6(B)(a) i-xiv. ***Plaintiff failed to even search for email communications between herself and Menucha Leib, Vared Zino, Brach Davidowitz, Dina Levy, Yiddessel Braun, Danielle Robin, unknown counselor "Tamar," Suri Meisner, and Rivky Gross, all of whom were listed in Defendant Sheinkopf's Letter Motion***. *See* ECF No. 80. No excuse is given for the failure to search for these communications between Plaintiff and the above-named individuals. This is an admission that not only did Plaintiff fail to produce the communications she was ordered to produce, ***Plaintiff failed to even attempt a search for those communications.***

With regards to Facebook, Instagram, iMessage[1] and WhatsApp messages, it appears that Plaintiff is in various stages of exporting data from those custodians, but similarly has not provided any responses. *See* ECF No. 91, ¶¶ 6 (C)(D)(E). Once again, Plaintiff does not offer any excuse for her failure to produce. Moreover, Plaintiff has made no application to extend the Court's deadline for production.

Plaintiff then attempts to shift her responsibility to search onto third-parties. For instance, Plaintiff states she contacted certain individuals to ask if they would search for communications between themselves and her. *See* ECF No. 91, ¶ 7. However, that does not explain or eliminate Plaintiff's responsibility to search for messages in her email export between

---

[1] Strangely, with respect to iMessages and texts, Plaintiff attempted to export a backup of her phone rather than just doing a direct export of the messages from the phone itself. Extracting information from a backup is not necessary when the phone itself exists.

herself and those individuals, such as Menucha Leib, Vared Zino, Brach Davidowitz, Dina Levy, and Yiddessel Braun.[2]

Similarly, Plaintiff tries to shift responsibility to search and produce, as well as the costs associated with that, onto Defendant Sheinkopf. However, Plaintiff has not claimed any of the factors in *Zubulake v. UBS Warburg LLC* which would weigh in favor of cost shifting. *See Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 317 (S.D.N.Y. 2003); *see also C.K. through P.K. v. Bassett*, 2023 WL 4086333, at *9 (E.D.N.Y. June 20, 2023) ("Cost-shifting is a mechanism that is typically appropriate only where production of electronic discovery imposes an undue expense or burden, which, in turn primarily depends on whether the electronically stored information is inaccessible"), citing *Zubulake v. UBS Warburg LLC*. In fact, in this case the opposite is true – Plaintiff has stated under penalties of perjury that she was able to retrieve information from the custodians, and thus the documents at issue are considered accessible and not inaccessible. *See* ECF No. 91. In addition, Plaintiff did not previously claim entitlement to cost-shifting, nor did the Court now order cost-shifting. *See* ECF No. 91. Nevertheless, Sheinkopf has stated that she is willing to entertain paying the cost, solely to run search terms and produce the records responsive to those search terms. There is no basis to force Sheinkopf to pay for a "managed review" to determine responsiveness as Plaintiff now suggests.

Even with Sheinkopf's offer, Plaintiff was required to complete her retrieval, search and production by September 8, 2023 and ***has failed to do so***. It was Plaintiff's responsibility to comply with the Court Order and Plaintiff failed to do so even with the offer from Sheinkopf to help by running keyword searches. Plaintiff's failure to produce by September 8, 2023 is especially pressing because Defendant Sheinkopf is entitled to review the documents Plaintiff will produce and have an opportunity to examine Plaintiff about those documents at the continued deposition, which the Court ordered be completed by September 22.

## II. The Court Should Strike Plaintiff's Pleading and Impose Sanctions

As is made clear above, Plaintiff has violated this Court's Order. Plaintiff merely attempted to retrieve documents from custodians by September 8, 2023. Plaintiff did not search through the documents she collected, much less produce the responsive documents.

Federal Rule of Civil Procedure 37 provides in relevant part that "[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. Proc. 37(b)(2)(A). In *Update Art, Inc. v. Modiin Publishing, Ltd.*, the Second Circuit described the three purposes behind sanctions under Rule 37:

> First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and

---

[2] Note, Plaintiff both failed to search her emails for responsive documents and does not claim to have even tried to contact Danielle Robin, unknown counselor "Tamar," Suri Meisner or Rivky Gross.

Hon. Cheryl L. Pollak
September 15, 2023
Page 4

> on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*See Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67, 71 (2d. Circuit 1988).

In this case, Plaintiff will certainly benefit from her failure to comply. First and foremost, Plaintiff will avoid examination on the unproduced records at her continued deposition. Second, Defendant Sheinkopf will not have access to the relevant information to be able to defend herself. Therefore, policy reasons clearly favor granting sanctions.

For violations of such an order or a discovery obligation, Rule 37 lists seven possible sanctions, including "striking pleadings in whole or in part," "rendering a default judgment against the disobedient party," and "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. Proc. 37(b)(2)(A)(iii), (vi), (vii). In addition, the Rule provides that the Court may issue an order that certain designated facts be taken as established in accordance with the claim of the party obtaining the order. *See* Fed. R. Civ. Proc. 37(b)(2)(A)(i); *see also Santrayll v. Burrell*, 1998 WL 60926, at *3 (S.D.N.Y. Jan. 21, 1998). The Court may also issue an order "prohibiting the disobedient party from . . . introducing designated matters in evidence." Fed. R. Civ. Proc. 37(b)(2)(A)(ii); accord *Kang v. Lee*, 1997 WL 669787, at * 3 (S.D.N.Y. Oct. 27, 1997); *see also Sullivan v. Aircraft Servs. Grp., Inc.*, 2022 WL 16901850, at *3 (E.D.N.Y. Nov. 10, 2022).

In this case, Plaintiff has no legitimate excuse for failing to comply with the Court's Order. Plaintiff had the ability to collect documents from custodians. Defendant even offered to have her vendor do the search for Plaintiff. However, Plaintiff did not diligently pursue that offer, choosing instead to disobey and not follow the Court's Order, tacking her with the consequences. Therefore, the Court should impose the most extreme consequence in this case and strike Plaintiff's pleading. At the very least, the Court should again order compliance with a warning that a second failure to comply will result in striking the pleadings.

In lieu of or in addition to these sanctions, the Rule requires that the Court order the disobedient party, its attorney, or both, to pay "the reasonable expenses, including attorney's fees," caused by the failure to comply, unless the Court finds the failure "substantially justified" or that "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Indeed, courts have awarded attorney's fees and costs where sanctions were appropriate but where the court found that the sanctioned party's conduct did not rise to a level that would warrant the more severe sanctions of dismissal or default. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–764 (1980) (holding "[b]oth parties and counsel may be held personally liable for expenses, including attorney's fees, caused by the failure to comply with discovery orders"); *see also Excellent Home Care Servs., LLC v. FGA, Inc.*, 2017 WL 9732082, at *12 (E.D.N.Y. June 5, 2017) (ordering plaintiff to re-produce and produce certain documents, respond to interrogatories, and pay defendants' attorney's fees where defendant sought sanctions which included dismissal); *see also Sullivan v. Aircraft Servs. Grp., Inc.*, 2022 WL 16901850, at *3 (E.D.N.Y. Nov. 10, 2022).

Hon. Cheryl L. Pollak
September 15, 2023
Page 5

      The Court should also order a monetary sanction in this case. Defendant Sheinkopf has expended time and effort to seek Plaintiff's compliance. Plaintiff has not even responded to Defendant's last email seeking compliance. Defendant Sheinkopf has been forced to file this letter and, if Plaintiff does not comply prior to filing a formal motion, Defendant Sheinkopf will be forced to file a motion. Defendant Sheinkopf's reasonable fees and attorney expenses must be awarded.

      Thus, Sheinkopf seeks a pre-motion conference with the Court regarding Plaintiff's violation of the Court Order. In addition, Sheinkopf seeks an extension of her deadline to complete the continued deposition of Plaintiff until after Plaintiff complies with this Court's previous Order for production.

      Thank you in advance for Your Honor's consideration.

                                                    Respectfully yours,

                                                  Aaron Twersky, Esq.

cc:     All Counsel (via ECF)