

October 20, 2023

**Via ECF**

Hon. Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 13B-South
Brooklyn, New York 11201

          Re: *Dorina Sokolovsky v. Oorah, Inc., Oorah Catskill Retreat LLC a/k/a "The Zone" and Gittie Sheinkopf*
             Case No. 1:20-cv-04116

Dear Judge Pollak,

  I am an attorney with the law firm of Twersky PLLC, counsel for Defendant Gittie Sheinkopf ("Sheinkopf") in the captioned matter. I respectfully submit this letter in reply and further support of the pre-motion letter for sanctions against Plaintiff and Plaintiff's counsel, and to respond to Plaintiff's letter filed yesterday, October 19, 2023 (ECF No. 103-104).

  As this Court is aware, on or about June 9, 2023, Sheinkopf filed a letter motion seeking outstanding paper discovery due from Plaintiff and regarding continuing Plaintiff's deposition ("Letter Motion"). The Court partially granted Sheinkopf's Letter Motion and ordered Plaintiff "to produce all documents and communications regarding plaintiff's relevant conversations with the individuals identified in defendant Sheinkopf's letter" or "an affidavit confirming no such documents could be located upon a reasonable search." *See* ECF No. 86. The Court further ordered Plaintiff's compliance by September 8, 2023. *See* ECF No. 86.

   **I.**  **Plaintiff Failed To Comply With The Court's Order**

  While Plaintiff provided some documents in response to the Court's Order, Sheinkopf was unaware of this production due to an issue with the PACER system, which caused Plaintiff to email numerous filings and emails to Plaintiff on the evening of September 8, 2023. Buried amongst those filings was a production of documents. Regardless of the fact that Plaintiff may have produced some documents, the fact remains that Plaintiff has not fully complied with the Court's Order. Plaintiff failed to abide by the Court's Order, since Plaintiff's search did not comport with the Order. Moreover, Plaintiff's initial search affidavit was deficient, and Plaintiff even felt compelled to file an amended search affidavit. *See* ECF No. 94. Now, Plaintiff claims that her search affidavit was never deficient, which is clearly incongruent with Plaintiff's own filings and actions.

Although Plaintiff claims to have complied with the Court's Order by submitting an affidavit, the examples of how she searched for emails all ***pre-date the Court's recent Order***. *See* ECF No. 91, ¶ 5. Clearly, her search could not have conformed to the Court's Order. In addition, Plaintiff admits that she is not properly equipped to do the searches and that neither she nor her counsel have searched documents that were recently collected. *See* ECF No. 91, ¶ 6. Additionally, Plaintiff's search affidavit claims she searched email communications for only some of the individuals required. *See* ECF No. 91, ¶ 6(B)(a) i-xiv. Only in her amended search affidavit did Plaintiff suddenly realize she had searched for these individuals. *See* ECF No. 94. Additionally, Plaintiff's social media platforms, texts and WhatsApp messages have not been properly searched as per the Order. Clearly and by her own admission, Plaintiff is ill-equipped to search her devices for documents and Plaintiff has not been transparent regarding the searches she has performed, even after ordered to do so by the Court.

## II.     The Parties ESI Stipulation

As a result of Plaintiff's incomplete searches, Sheinkopf offered to facilitate the use of an e-discovery vendor. To further this effort, Plaintiff and Sheinkopf have been negotiating an Electronically Stored Information ("ESI") Stipulation. On or about October 2, 2023, Sheinkopf's counsel sent the first draft of the ESI Stipulation to Plaintiff's counsel and on or about October 4, 2023, the parties met and conferred regarding the ESI Stipulation. On or about October 11, 2023 Plaintiff's counsel sent back a red-line version of the ESI Stipulation. On October 18, 2023, Sheinkopf's counsel sent an email to Plaintiff's counsel accepting most of the requested edits, and brining up two minor points that Sheinkopf believed needed to be edited. Plaintiff's counsel did not respond to that email and instead now seems to have done an abrupt about face regarding the ESI Stipulation.

On October 19, 2023, Rabbi Binyamin Gissinger was deposed. At the deposition, Sheinkopf's counsel asked Plaintiff's counsel if he had seen the email or considered the minor edits, but Plaintiff was unresponsive. Sheinkopf's counsel reminded Plaintiff that Sheinkopf's reply was due to be filed on October 19, 2023, and requested Plaintiff join Sheinkopf's request for an extension. Again, without providing any reason, Plaintiff was unresponsive. As a result, Sheinkopf submitted a letter requesting adjournment, because the parties were very close to executing the ESI Stipulation. *See* ECF No. 102. To Sheinkopf's surprise, Plaintiff then filed her own letter and represented to the Court that the ESI Stipulation was not near completion and that Sheinkopf indicated she would re-file a motion for sanctions should Plaintiff not comply. *See* ECF No. 103. This is plainly incorrect.

The Court has ordered Plaintiff to do proper searches in this matter, which she has yet to do. Sheinkopf is within her right to ensure that Plaintiff complies with her obligations, and has even offered to help Plaintiff in that regard. Plaintiff's counsel represented that he was willing to enter into an ESI Stipulation, to which he gave his comments and edits to, and Sheinkopf has agreed to 99% of Plaintiff's edits.

Plaintiff has seemingly negotiated this ESI Stipulation in bad faith and has wasted weeks of time only to withdraw from negotiations over minor issues that could easily be resolved. It is

completely unreasonable that Plaintiff is suddenly stalling discovery by withdrawing from negotiations and unnecessarily involving the Court, wasting the Court's time and judicial resources over a petty dispute. Again, Sheinkopf offered to withdraw the pre-motion letter upon completion of the ESI Stipulation and production. Now, Plaintiff refuses to negotiate and will only be satisfied if Sheinkopf acquiesces to all of Plaintiff's demands. Plaintiff's position is clearly unreasonable, as Sheinkopf is merely attempting to assist Plaintiff to comply with the Court's Order. The parties should finalize the ESI Stipulation and move on with discovery, as the Court has previously indicated, instead of wasting time writing letters to the Court.

    Thank you in advance for Your Honor's consideration.

Respectfully yours,

Aaron Twersky, Esq.

cc:    All Counsel (via ECF)