

**JAMES, VERNON & WEEKS, PA**
*Helping people solve problems®*

LEANDER L. JAMES
CRAIG K. VERNON
1626 LINCOLN WAY
COEUR D'ALENE, ID  83814
Toll Free Telephone:  (888)-667-0683
Office Telephone: (208) 667-0683
ljames@jvwlaw.net
cvernon@jvwlaw.net

**TOLMAGE, PESKIN, HARRIS, FALICK**
STEPHAN H. PESKIN
MATTHEW C. LOMBARDI
20 VESEY STREET
NEW YORK, NY  10007
Toll Free Telephone:  (877) 298-3201
Office Telephone:  (212) 964-1390
peskin@tolmagepeskinlaw.com
lombardi@tomagepeskinlaw.com

March 22, 2024

Hon. Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 13B-South
Brooklyn, New York 11201

Re:  Sokolovsky v. Oorah, Inc. et al., Case No. 1:20-cv-04116

Dear Honorable Judge Pollak:

This letter is Plaintiff's response to Dkt. 124, Oorah Defendants' Motion regarding Ms. Leah Forester's alleged "failure to comply with a subpoena, specifically her failure to produce documents and information as specified in Exhibit A annexed to the subpoena." *Id*., pg. 1.

I.     FACTS

Ms. Leah Forster is Plaintiff's prior significant other. She and Plaintiff were in a relationship from approximately 2014-2020.  Dkt. 124-2, Forster Deposition, p. 11, ln. 21- p. 12, ln. 2.

Early in the case, Ms. Forster forwarded screenshots to Plaintiff and her attorney, who have forwarded all known data, documents and information provided by Ms. Forster to Defendants. See Exh. 1 submitted herewith, email of March 20, 2024 at 4:27 p.m.  Plaintiff cooperated with Defendants' comprehensive e-discovery search of Plaintiff's devices and social media by an e-discovery vendor of Defendants' choice.  Through that e-discovery search, Defendants obtained all data therein relating to Ms. Forster that was on Plaintiff's devices and social media.

On or about June 29, 2022, Oorah Defendants served Ms. Forster with a subpoena duces tecum for the production of data and documents, some of which were duplicative of data and documents Oorah Defendants already had received from Plaintiff.  For example, Oorah Defendants demanded the production of:

  4. Communications with Plaintiff and anyone on her behalf regarding this matter from 2009 to present.
  . . .

  15. All communication and/or correspondence between you and Plaintiff, including but not limited to letters, text messages, emails, journal entries, direct social media messages, public or private posts on social media accounts, and transcripts of telephone conversations from 2007 to present discussing the alleged abuse perpetrated by co-defendant, Gittie Sheinkopf or about the Oorah Defendants named in this lawsuit.

Exh. A, items 4 and 15.

  Defendants already had communications between Ms. Forster and Plaintiff through Plaintiff's previous discovery responses; and, Defendants have since obtained all of Plaintiff's communications through their exhaustive e-discovery (ESI vendor) search.

  Ms. Forster testified that her former email address is no longer active and that when she was served the subpoena, she tried to find her password to look through it, but she could not. Dkt. 124-2, Forster Deposition, p. 18, ln. 23- p. 19, ln. 7. She testified that she removed information from her Instagram account probably two years ago. Dkt. 124-2, Forster Deposition, p. 27, ln. 6- p. 27, ln. 19. She has told Oorah Defendants she did not back up her WhatsApp messages. Exh. 2, email of February 12, 2024 at 1:15 p.m.

  Despite her lack of access to information that may fall under the subpoena, Ms. Forster opened her email during her deposition and searched for information to produce under the subpoena. At no time has Ms. Forster refused to produce data or documents to Defendants or Plaintiff. Dkt. 124-2, Forster Deposition, p. 109, ll. 14—20.

  Since her deposition, Ms. Forster has cooperated and made an ongoing effort to search for documents responsive to Defendants' subpoena despite her e-discovery limitations. Exh. 1 and 2 submitted herewith, emails of Ms. Forster. She has responded to Oorah Defendants' emails seeking documents and information. *Id*. She has produced documents she found to Plaintiff, who in turn produced them to Defendants. Exh. 1, email of March 20, 2024 at 4:27 p.m. Plaintiff has likewise produced to Defendants recent communications from Ms. Forster, whether relevant or not. *Id*. On March 14, 2024, she emailed Oorah Defendants:

> Hi all !
> I emailed Leah all the records i have of money transactions- it was very difficult to go back and find specifics. She has a detailed email from me with a breakdown as best as I can procure
> I am outting together messages from appel and asher.
> I have no idea who chiam is- i dont remember

Exh. 2 submitted herewith, email of March 14, 2024 at 4:56 p.m.

Plaintiff has encouraged Ms. Forster to produce information requested under the subpoena directly to Defendants. Exh. 1, email of 3/20/2024 4:28 p.m. and Exh. 2, email of 3/14/2024 at 7:44 p.m.

On March 20, 2024, Ms. Forster responded to Defendants' repeated demands for data and information, saying, "Whatever I had I sent." Exh. 1, email of March 20, 2024 at 1:53 p.m. On the same day, after responding to numerous emails from Oorah Defendants' counsels, she complained, "I find it wasteful that your team asks for the same thing despite my repeated responses of the same fashion. Its bullyish." Exh. 1, email of March 20, 2024 at 5:30 p.m.

Ms. Forster is not represented by counsel.

II. LAW

Since December of 2015, "Rule 26 now defines the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'" *Pothen v. Stony Brook Univ.*, CV 13-6170 (JFB)(AYS), 2017 U.S. Dist. LEXIS 37233, 2017 WL 1025856, at *2 (E.D.N.Y. Mar. 15, 2017). "Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated," and permissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case." 2017 U.S. Dist. LEXIS 37233, [WL] at *3 (citing Fed. R. Civ. P. 26(b)(1)). Proportionality goes "hand-in-hand" with relevance. *New Falls Corp. v. Soni*, CV 16-6805 (ADS) (AKT), 2020 U.S. Dist. LEXIS 94747, 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020). That is, the more relevant the information sought is, the less likely a Court would find the subject discovery disproportionate. *Id.* (citation omitted). Courts weigh the following factors when assessing whether requested discovery is proportionate: the importance of the issues at stake in the litigation, the amount [*7] in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving issues, and whether the burden or expense of the discovery is outweighed by the benefit. *Huayuan Chen v. Stony Brook Univ.*, CV 15-6698 (JMA)(AYS), 2018 U.S. Dist. LEXIS 43608, 2018 WL 1368031, at *5 (E.D.N.Y. Mar. 16, 2018). In the end, proportionality calls for a "common sense and experiential assessment." *Velez v. City of Chicago*, No. 18 C 8144, 2021 U.S. Dist. LEXIS 93803, 2021 WL 1978364, at *4 (N.D. Ill. May 18, 2021) (initial citation omitted) (citing *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 326 F.R.D. 171, 175 (N.D. Ill. 2018) ("Chief Justice Roberts' 2015 Year-End Report on the Federal Judiciary indicates that the addition of proportionality to Rule 26(b) 'crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality'").

*White v. Cty. of Suffolk*, 2022 U.S. Dist. LEXIS 71684, *6-7 (E.D.N.Y. 2022)

The party subpoenaing information from a non-party:

> bears the burden of demonstrating that the information they seek from these non-parties is both relevant and proportional [*3] to the instant action. *See* Jalayer v. Stigliano, No. 10-CV-2285 (LDH)(AKT), 2016 U.S. Dist. LEXIS 135288, 2016 WL 5477600, at *2 (E.D.N.Y. Sept. 29, 2016) ("Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1). Therefore, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." (internal citations and quotations omitted)). In reviewing plaintiffs' motion to compel, the Court examines plaintiffs' evidence of a nexus between the non-parties and this litigation, analyzing both the relevance of the information sought and the proportionality of the request to plaintiffs' claims in the amended complaint.

*Gov't Emples. Ins. Co. v. Mayzenberg*, 2018 U.S. Dist. LEXIS 235067, *2-3 (E.D.N.Y. 2018) *Id*.

### III.   ARGUMENT

1. <u>Oorah Defendants have failed to carry their burden</u>.

Oorah Defendants' overbroad and aggressive discovery aimed at Ms. Forster is part of a larger overbroad and overly aggressive discovery campaign that has long violated Fed. R. Civ. Pro. 26 because Defendants seek irrelevant information and violate the rule of proportionality. *Id*.

   a.   Relevance.

Oorah Defendants have failed to carry their burden to demonstrate that all the additional information they seek from Ms. Forster is relevant. *Gov't Emples. Ins. Co.*, supra. While some of the information is relevant, such as payments for Plaintiff's related health care (which have been provided to Oorah Defendants), not all is.

The enumerated demands in Defendants' subpoena are over-broad and therefore seek irrelevant information. Dkt. 124, Exh. A. For example, item 2 demands "diaries, journals and/or notebooks kept regarding . . . your relationship with Plaintiff from 2009 to present." Dkt. 124-1, Exh. A, item 2. Without qualifying what information about the relationship is sought, the scope of data and documents that fall under this demand is vast, including such things as diary entries about social events involving Ms. Forster and Plaintiff, notebooks with grocery lists for the two of them and journals about their trips, just to give a few examples. Without proper qualification, many of the demands in Dkt. 124-1 are similarly overbroad and therefore seek extraneous, irrelevant information, including items 8 (seeking "divorce decrees"), 11 (seeking "copies of journals, notebooks, the journals, or diaries made in context of therapy counseling, made and kept and maintained by you or Plaintiff from 2009-present"), 12 (seeking a wide swath of data and information "regarding Plaintiff from 2010 to present," which would include, for example, notes about her hair appointments, grocery lists, etc.), 16 (seeking, inter alia, "any communications with

plaintiff, attorney(s), and/or any other person"), 17 (seeking communications with one "Emmanuelle Glazier" without limiting it to the subject matters of this case), 18 (seeking all communications between Ms. Forster and her daughter "from 2010 to present in relation to Plaintiff"), and 20 (which demands production of communications with "Chaim" that "includes Plaintiff"). Not every communication with Mr. Forster and another that "includes Plaintiff" or is "in relation to Plaintiff" are relevant to this action.

      b. Proportionality.

Even if the Court finds all the information sought by Oorah Defendants is relevant, fatal to Defendants' Motion is their failure to address proportionality. See *Gov't Emples. Ins. Co.*, supra. Indeed, the vast scope of the data and documents listed in items 1-27 are disproportionate to this case because they have no importance "in resolving issues." *White*, supra, at 7. Using the above examples, discovery of grocery lists, journals about a trip, notes about Plaintiff's hair appointments and any data or document remotely referencing Plaintiff without limitation is not going to help resolve any issues in this case. Defendants have not carried their burden to show the discovery is proportionate.

    2. Ms. Forster has substantially complied with Defendants' subpoena.

Oorah Defendants argue Ms. Forster "ignored our requests." Dkt. 124, pg. 2. This is incorrect and unfair to this witness. Early in this case, Ms. Forster produced data and documents to Plaintiff and her attorney which were given to Defendants. Ms. Forster, who is not an e-discovery expert, testified she did not have access to her email address and data. She did not back up her WhatsApp messages. Despite her lack of access to information that may fall under the subpoena, Ms. Forster opened her email during her deposition and searched for information to produce under the subpoena. Ms. Forster's emails in Exhs. 1 and 2 evidence her effort to cooperate with Defendants and comply with the subpoena. At no time has Ms. Forster refused to produce data or documents to Defendants.

Since her deposition, Ms. Forster has made an ongoing effort to search for documents responsive to Defendants' subpoena and respond. Exh. 1 and 2 submitted herewith. She has responded to Oorah Defendants emails seeking documents and information. *Id*. She has produced documents she found to Plaintiff, who in turn produced them to Defendants. Plaintiff has likewise produced to Defendants recent communications from Ms. Forster, whether relevant or not. Exh. 1.

    3. Ms. Forster cannot produce that which she does not have.

Oorah Defendants insist Ms. Forster has access to more documents and data that she is refusing to produce, ignoring her repeated statements that she has given everything she has. Dkt. 124 generally. Ms. Forster has told Defendants, "Whatever I had I sent." Exh. 1, email of March 20, 2024 at 1:53 p.m. To the extent Defendants' complaint is that Ms. Forster is not accessing data she does not have the expertise to access, they are demanding data that is not in the witness's possession because she simply cannot access it. Defendants' insistence on such data is reminiscent of their insistence that Plaintiff access data from her phone and social media that she did not have

the expertise to access (resulting in this Court's order that if Defendants wanted that data they had to hire a discovery vendor to extract it).

## CONCLUSION

The witness has substantially complied with Defendants' subpoena. The subpoena is overbroad, seeks irrelevant information and is disproportional to the case. Defendants' Motion should be denied.

Respectfully submitted,

JAMES, VERNON & WEEKS, P.A.
TOLMAGE, PESKIN, HARRIS, FALICK

/s/ Leander L. James

By: _____
Leander L. James