

Carla Varriale-Barker
Direct: 212.651.7437
cvarriale@smsm.com

March 25, 2024

**VIA ECF**
Honorable Cheryl L. Pollak
Chief United States Magistrate Judge
United States District Court
Chambers Room 1230
Courtroom 13B – South
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       **RE:**    *DORINA SOKOLOVSKY v. OORAH, INC., OORAH CATSKILL RETREAT LLC a/k/a "THE ZONE," and GITTIE SHEINKOPF*
             **Docket No.:**    1:20-CV-04116
             **SMSM File No.:**    11010-257

Dear Justice Pollak:

    Oorah, Inc. and Oorah Catskill Retreat LLC a/k/a "The Zone," (the "Oorah Defendants") submit the following in reply to Plaintiff's response to the Oorah Defendants' Motion for relief due to non-party witness Leah Forster's failure to comply with a subpoena. Dkt.128. The Oorah Defendants seek relief from the Court due to Ms. Forster's failure to produce documents and information as specified in the rider annexed to the subpoena. The failure to provide the information requested has delayed the completion of Ms. Forster's deposition and prejudiced the Oorah Defendants for the reasons discussed in the Oorah Defendants motion at Dkt. 123.

    In the absence of a claim of privilege, it is not clear that Plaintiff's attorney possesses the requisite standing to object to a subpoena directed to a non-party witness, unless the party has a sufficient privacy interest in the confidentiality of the records sought. *See ADL, LLC v. Tirakian*, No. 06 CV 5076, 2007 U.S. Dist. LEXIS 46198, at *6-7 (E.D.N.Y. 2007) (finding that defendants had a sufficient privacy interest in the confidentiality of the documents sought to have standing to challenge the subpoenas issued to non-party witnesses) (quoting *Langford v. Chrysler Motors* Co., 513 F.2d 1121, 1126 (2d Cir. 1975)); see *Nova Prods., Inc. v. Kisma Video. Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004).

At the outset, Plaintiff's attorney does not represent Ms. Forster, has not represented her at the two aborted efforts to complete her deposition, nor does he have standing to object to the subpoena on her behalf. Plaintiff/her attorney has not, and cannot, cite to any privacy interests in the confidentiality of the records or any other concerns whatsoever. Any communications between Plaintiff, Plaintiff's attorney, any third-party witness and Ms. Forster are not privileged. It is not clear at all why Plaintiff's attorney has inserted himself here or appointed himself as the gatekeeper for Ms. Forster's production, or why he is speaking on behalf of Ms. Forster at all in response to the Oorah Defendants' request to obtain a more fulsome production to their subpoena at this juncture.

Plaintiff's attorney has provided an incomplete recitation of the facts and has improperly bootstrapped his arguments regarding the ESI production he is engaged in on behalf of Plaintiff with Co-Defendant Sheinkopf. Plaintiff's putative ESI exchange has nothing to do with Ms. Forster's response to the Oorah Defendants' subpoena or her own search for documents, which she admitted at her deposition was at best lacking. Nor has Plaintiff's attorney annexed a copy of Ms. Forster's production in response to the Oorah Defendants' subpoena for the simple reason it does not exist.

Similarly, Ms. Forster has deflected the Oorah Defendants' subpoena and relied upon Plaintiff's attorney to avoid making her own production, as demonstrated in the complete recent email exchange. *See* **Exhibit "A"** annexed hereto.

On December 20, 2023, and well after[1] Ms. Forster accepted personal service of the Oorah Defendants' subpoena without any objection (including the same document requests at issue now), she appeared for the initial session of her deposition. She failed to provide any documents responsive to the subpoena to our office prior to the deposition. *See* Dkt. 123-2. Forster Deposition ("Forster Dep.") at p. 83. She noted that she provided information to Plaintiff's attorney and that Plaintiff herself already possessed the information.[2] *See* Forster Dep. at pages 83, 84, 109.

On February 13, 2024, Ms. Forster again appeared to complete her deposition. Despite previous request Ms. Forster again appeared without conducting a search for documents requested in the subpoena. *See* Forster Dep. at pages 122-124. We advised her of the impending discovery cut-off. *See* Forster Dep. at p. 123. At this deposition, she admitted that she had communications with two individuals regarding Plaintiff's allegations and that there is no reason that such messages would have been permanently deleted. *See* Forster Dep. at pages 138-139. She also located three communications she had with Plaintiff's counsel. *See* Forster Dep. at pages 142 and 175. The communications were not forwarded to the Oorah Defendants. The fact that Ms. Forster, with

---

[1] The parties adjourned Plaintiff's deposition in 2022 after she revealed that she was claiming several other people had either sexually abused her or engaged in misconduct with her and the Court allowed the parties time to conduct discovery prior to depositions regarding the claims. *See* Dkt. 75 and Dkt. 76.

[2] She also testified that she was asked to remove certain posts from her Instagram account. *See* Forster Dep. at pages 22-27. She provided messages received on her social media after it went public with the abuse claims "to Lee" but she noted the messages were not permanently deleted. *See* Forster Dep. at pages 141-142.

minimal effort[3], could instantly search communications responsive to the subpoena which were not previously produced casts doubt on the thoroughness of the document production process thus far and entirely undermines the Plaintiff's and Ms. Forster's contention that all responsive documents have been produced.

Additionally, Ms. Forster indicated on March 12, 2024, that she has "old Facebook messages" with communications to Asher Lovy. Again, to date these Facebook messages have not been provided to the Oorah Defendants. See **Exhibit "B"** annexed hereto. This again entirely undermines Plaintiff's baseless contention that Ms. Forster has fully complied with the subpoena and the annexed rider.

Had these documents previously been provided to Plaintiff's counsel (as Ms. Forster has stated) but not provided to the Oorah Defendants, it is not clear if that means that the search encompassed the items and terms requested by the Oorah Defendants or whether there are documents being withheld. The failure to provide these documents, despite their apparent existence, has delayed the completion of Ms. Forster's deposition, caused additional expenditures and delays, and prejudiced the Oorah Defendants' ability to prepare a comprehensive defense of Plaintiff's claims.

As an example of the cat-and-mouse antics, Ms. Forster testified that she was in possession of receipts of payment for Plaintiff's various medical treatments in the form of Venmo, CashApp, and Chase Zelle payments but she did not provide these documents to the Oorah Defendants although they were requested at her deposition and thereafter. *See* Forster Dep. at pages 43-45, 48-50. Plaintiff's counsel later served a supplemental discovery response which purportedly contained the items Ms. Forster located. *See* Plaintiff's Supplemental Production dated February 28, 2024, Exhibit **"C"** annexed hereto and the Oorah Defendants' communications regarding the same, **Exhibit "D"** annexed hereto. The forwarding correspondence from Ms. Forster was not provided, however, although it was requested.

This production falls short of the subpoena. Compounded with this deficiency is the pattern of Plaintiff's attorney positioning himself as a gatekeeper, adding more delay and confusion while he simultaneously decries overreaching and aggressive discovery tactics by defendants.

There is no genuine dispute that Ms. Forster has emerged as a significant figure in this case. She is hardly the tangential bystander: Plaintiff admitted Ms. Forster was the impetus behind the lawsuit and the person who culled information to be provided to her attorneys, attended meetings with her attorneys, and reviewed pleadings. *See* Plaintiff's deposition**, Exhibit "E"** at pages 239-242. She created videos about the alleged abuse and is featured in the video and "Q&A" session on Instagram. Ms. Forster is also the person who coordinated with Za'akah NY and Asher Lovy, the individual who connected Leah Forster and the Plaintiff with Plaintiff's counsel. Despite her testimony that she communicated with Asher Lovy (and possibly others) via WhatsApp, Facebook

---

[3] Ms. Forster is a prolific and skilled user of social media; she certainly has the ability to address her own messages and posts and can retrieve any deleted items. It is not sufficient that she attempted to shift the costs and effort of doing the same to the defendants, offering them to help themselves to her phone for another round of ESI discovery.

and Instagram about Plaintiff's claims, she has not provided copies of the same to the Oorah Defendants. *See* Forster Dep. at pages 90-176-179. In fact, she has never described any search whatsoever she conducted and has instead demurred to Plaintiff's attorney.

Conspicuously missing from Plaintiff's attorney's response to Dkt. 123 is a copy of any production by Ms. Forster of their own non-privileged communications, despite Plaintiff's description of her involvement with her attorneys - none of which are privileged. Plaintiff's attorney is, inexplicably, trying to shift the burden of searching for responsive documents onto the Oorah Defendants.

The documents requested of Ms. Forster are relevant to Plaintiff's varied claims regarding their relationship, Plaintiff's alleged inability to have a relationship, her damages, and the restrictions of her daily activities as set forth in her pleadings, discovery responses, and her testimony. Such documents are directly related to Ms. Forster's unique (and admitted) role in the investigation of the alleged abuse, her publication of the alleged abuse through videos and social media posts over the years, her role in presenting the legal case with Plaintiff's lawyers, and her calculations of the alleged damages Plaintiff has presented as "reparations" for her alleged abuse at the hands of co-defendant.

Ms. Forster's and the Plaintiff's testimonies incontrovertibly establish Ms. Forster's role as a facilitator of this action which includes communications with Plaintiff's counsel, Asher Lovy, and other key figures instrumental in initiating this litigation against the Oorah Defendants. This explicit involvement underscores the pertinence of the sought-after documents. All of this is relevant because Plaintiff and Ms. Forster have put it in issue. Thus, the documents requested are undoubtedly relevant and clearly proportional for the Oorah Defendants to defend Plaintiff's claims and to deflect Plaintiff's claims for money damages as a result of the alleged abuse or misconduct perpetrated by co-defendant, they require the information sought in her subpoena and a more fulsome deposition of Ms. Forster.

Contrary to the assertions made by Plaintiff's attorney, who seeks to muddy the waters by suggesting an abundance of irrelevant documents were supplied in response to the Oorah Defendants' requests, including communications with Ms. Forster. Reality diverges starkly from such characterizations. Defendants have never solicited the production of extraneous documents; their requests have been consistently precise and focused, aiming solely at information relevant to the Plaintiff's claims and her alleged damages. Plaintiff attempts to avoid the necessity of production from Ms. Forster by stating that the Plaintiff herself has already provided all the relevant information the Oorah Defendant sought with Ms. Forster's subpoena. However, this self-serving position fails to consider the fact that Plaintiff herself has testified that she has had several phones and the possibility that there are responsive documents that Plaintiff herself does not maintain for this reason. This position would also assume that Ms. Forster had no relevant communications or documents that could not be obtained by the Plaintiff for the simple fact that Plaintiff was not a recipient of these correspondences which we know to be true based on Ms. Forster's testimony. *See* Forster Dep. at pages 138-139.

Honorable Cheryl L. Pollak
March 25, 2024
Page **5** of **5**

In light of the foregoing, it is clear that Ms. Forster's non-compliance and the obfuscation have not only stalled the progress of this case but have also unjustly burdened the Oorah Defendants with undue delays and unwarranted expenses. Ms. Forster has impaired the Oorah Defendants' ability to fully understand and prepare their defenses. It also hindered their opportunity to complete the deposition of Ms. Forster. The Oorah Defendants have been left navigating disclosure in a piecemeal fashion, and this has delayed the resolution of this case and created additional time and expense that, to borrow Ms. Forster's own words, are "wasteful" and "bullyish."

Accordingly, the Oorah Defendants respectfully request that this Court issue an order pursuant to FRCP Rule 45 enforcing the subpoena response under the penalty of sanctions for further noncompliance and compelling Ms. Forster to comply with the document requests without further delay so her deposition may be competed.

We are ready to conference this matter should Your Honor deem it necessary.

Respectfully,

*/s/ Carla Varriale-Barker*

Carla Varriale-Barker, Esq.

Enclosures: as stated

cc (via ECF):
Leander L. James, IV, Esq.     ljames@jvwlaw.net
Aaron Twersky, Esq.            atwersky@twerskylaw.com
Matthew Lombardi, Esq          lombardi@tolmagepeskinlaw.com