

April 5, 2024

**Via ECF**

Hon. Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 13B-South
Brooklyn, New York 11201

         Re: *Dorina Sokolovsky v. Oorah, Inc., Oorah Catskill Retreat LLC a/k/a "The Zone" and Gittie Sheinkopf*
            Case No. 1:20-cv-04116

Dear Judge Pollak,

  I am an attorney with the law firm of Twersky PLLC, counsel for Defendant Gittie Sheinkopf ("Sheinkopf") in the captioned matter. I respectfully submit this Letter Motion, pursuant to the Court's Electronic Scheduling Order dated March 15, 2024, seeking an additional deposition of Plaintiff Leah Sokolovsky ("Plaintiff") for a minimum of six hours due to the voluminous production discovered during the Electronically Stored Information ("ESI") exchange, which Plaintiff failed to provide prior to her initial depositions. Moreover, Sheinkopf submits this Letter Motion to preserve her right to seek relief due to the spoliation of evidence.

  **I.** **Given The Extensive Production, Sheinkopf's Letter Motion For Additional Time To Depose Plaintiff Must Be Granted**

  Although Plaintiff has been deposed previously, on or about May 24, 2023, June 1, 2023 and December 22, 2023, at that time Plaintiff had only made a limited production. On numerous occasions, Plaintiff represented she is not technologically savvy but attempted to search for the requested documents. *See* PACER Doc. 91, ¶ 6. However, on November 20, 2023, this Court issued an order for Plaintiff to produce additional documents (the "Order"). *See* PACER Doc. 109.

  As a result, the parties entered an ESI Stipulation and hired an ESI vendor ("ESI Vendor") to extract Plaintiff's data. On or about February 7, 2024 and February 26, 2024, plaintiff made additional productions to Defendants Sheinkopf and Oorah, Inc., Oorah Catskill Retreat LLC a/k/a "The Zone" ("Oorah") (collectively "Defendants"). Pursuant to a count done by my office, these additional productions contain approximately 6,700 pages of emails and other documents, as well as more than 100,000 text messages, which were produced to Defendants. In addition, after meeting and conferring with Defendants, on March 8 2024, Plaintiff produced more than 3,900 additional pages that Plaintiff had originally either claimed

were privileged or irrelevant. Although Defendants maintain that the vast majority of those documents are neither privileged nor irrelevant.

In total, since this Court issued its Order for Plaintiff to produce additional documents, Plaintiff has produced more than 10,500 pages of emails, attachments, and similar documents and more than 100,000 text messages. Plaintiff's production prior to Sheinkopf seeking an order for missing emails and texts was approximately 1,400 pages. When Plaintiff's deposition was taken, Defendants only had access to the original production and not the vast amount of paper discovery that has since been produced. Plaintiff producing such a large number of documents after her deposition has prejudiced the Defendants. Therefore, Sheinkopf should be afforded the opportunity to conduct a continued deposition which will explore the recently produced documents.

The committee commentary to the 2000 amendments to Rule 30(d)(1) observes: "If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred." The court in *Robertson v. Bair* granted a defendant's motion for additional time to depose plaintiff in order "to discuss the documents that she failed to produce as requested." *Robertson v. Bair*, 242 F.R.D. 130, 138-39 (D.D.C. 2007). The court there observed that it "appreciate[d] that [p]laintiff's production of those documents before the deposition might well have shortened the time the deposition took." *Id.* at 139. Similarly, the failure to produce critical documents in this case prevented Sheinkopf and the Oorah Defendants from questioning Plaintiff regarding those documents. Further, had those documents been produced earlier it might have shortened the deposition with regards to information Plaintiff states she did not have a recollection. Now, Sheinkopf must seek additional deposition time in order to examine Plaintiff regarding the newly produced documents.

## II. Sheinkopf Reserves Her Right To Submit A Motion For Spoliation Should The Text Messages Between Plaintiff And Leah Forster Be Unrecoverable

First, Sheinkopf recognizes that this request may be premature due to Defendant Oorah's pending Motion Pursuant to FRCP 45 due to non-party witness Leah Forster's ("Forster") failure to comply with a subpoena, specifically for her failure to produce documents. *See* PACER Doc. 124. However, to date, Plaintiff's production does not include direct text messages between herself and Forster, Plaintiff's former partner, from before approximately November 2021 despite the fact that Plaintiff and Forster's relationship long precedes that date.[1][2] These communications are vital since Plaintiff has identified Forster as being an integral person in preparing both the Beit Din Hearing and the current litigation. *See* Deposition of Plaintiff Excerpt dated May 24, 2023, Exhibit A, ps. 40, lines 2-19; 106-107, lines 12-6; 144, lines 21-24; 165, lines 4-15. These texts are pertinent as they may include conversations regarding the allegations and of possible monies to be gained by filing a lawsuit. *See* Deposition of Plaintiff Excerpt Dated June 1, 2023, Exhibit B, ps. 323-326. Yet even though Plaintiff knew she was in

---

[1] For instance, Plaintiff produced emails between herself and Forster from 2016.
[2] Although some group chat communications that include both Forster and Plaintiff were produced from before November 2021.

a lawsuit and/or preparing to file a lawsuit, Plaintiff either deleted and/or lost these communications.

The "obligation to preserve evidence arises when the party has notice that evidence is relevant to litigation—most commonly when suit has already been filed. *See Ottoson v. SMBC Leasing & Fin., Inc.*, 268 F. Supp. 3d 570, 579 (S.D.N.Y. 2017) quoting *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998), overruled on other grounds, *Rotella v. Wood*, 145 L.Ed.2d 1047 (2000). Here, although Plaintiff knew in 2020, and possibly 2019 that she intended to bring legal action, even seeking to proceed in a Beis Din which sometimes act as arbitrators, Plaintiff failed to take reasonable steps to preserve her text messages with Forster. As such, a motion for spoliation is appropriate. However, if Forster has these text messages and produces them, then this request will be moot as the conversations will not be lost. The Court's Electronic Scheduling Order dated March 15, 2024, stated that Defendants must submit all letter motions relating to the Plaintiff's productions by today. Thus, in abundance of caution, Sheinkopf would like to preserve this request relating to spoliation. We are hopeful that this issue will be remedied or clarified by Oorah's Motion Pursuant to FRCP 45 and that Sheinkopf's request will be moot. If, Forster does not produce the text messages, an appropriate remedy pursuant to spoliation rules should be granted.

### III.     Conclusion

Sheinkopf seeks limited additional deposition time of a minimum of six hours to review some integral newly produced documents with Plaintiff.[3] Moreover, Sheinkopf seeks to preserve her right to move for spoliation of evidence should the text messages between Plaintiff and Forster be unrecoverable due to destruction or loss in the course of pending litigation.

Thank you in advance for Your Honor's consideration.

Respectfully yours,

Aaron Twersky, Esq.

cc:     All Counsel (via ECF)

---

[3] These six hours of additional time would be divided between the Defendants.