

**Carla Varriale-Barker**
212.651.7437
cvarriale@smsm.com

June 3, 2024

**VIA ECF**
Honorable Cheryl L. Pollak
Chief United States Magistrate Judge
United States District Court
Chambers Room 1230
Courtroom 13B – South
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      RE:    ***DORINA SOKOLOVSKY v. OORAH, INC., OORAH CATSKILL RETREAT LLC a/k/a "THE ZONE," and GITTIE SHEINKOPF***
            **Docket No.:**    1:20-CV-04116
            **SMSM File No.:**    11010-257

Dear Judge Pollak:

    We represent Defendants Oorah, Inc. and Oorah Catskill Retreat LLC a/k/a "The Zone," (the "Oorah Defendants") in the above-referenced matter. We are writing to provide Your Honor with a further status report, as advised in **Dkt. 150**.

    **Issues Regarding ZA'AKAH'S Subpoena Compliance**

    On May 7, 2024, we received the initial document production from non-party ZA'AKAH pursuant to a So-Ordered Subpoena.[1] **Dkt. 133**. The initial production consisted of 740 pages, and, at that time, each page and document were designated as confidential.

    On May 8, 2024, non-party witness Asher Lovy appeared on behalf of ZA'AKAH. Our offices have attended four meet and confers with counsel for ZA'AKAH.[2] Initially, the discussions focused on the blanket marking of confidentiality over ZA'AKAH's production, which is

---

[1] This production was provided in accordance with So-Ordered Subpoena upon ZA'AKAH dated April 9, 2024. **Dkt. 137**

[2] "Meet and Confers" were conducted on May 9, 2024, immediately following the deposition of ZA'AKAH, May 13, 2024, May 15, 2024, and May 21, 2024.

prohibited by the Confidentiality Agreement. **Dkt. 62**. ZA'AKAH has indicated it is not bound by the Confidentiality Agreement, although third-parties are contemplated within the terms of the So-Ordered Confidentiality Agreement. This issue has not been resolved. The Oorah Defendants understand that ZA'AKAH was under a time constraint when producing these documents and therefore erred on the side of over-designating its production as "Confidential", with the understanding that the confidentiality markings would subsequently be reevaluated by ZA'AKAH's counsel.

Following the deposition of ZA'AKAH by Mr. Lovy, ZA'AKAH's counsel removed the confidentiality designation from an additional 41 documents. However, the Oorah Defendants contended that there are remaining documents that should not be marked confidential, whether pursuant to the Confidentiality Agreement in place for this matter or otherwise. The documents in question can be described or classified as documents of the parties involved in this matter (including the Oorah Defendants' own documents) and various publicly available documents such as documents obtained from the docket of this matter, and email correspondence between the counsel representing the parties to this matter.

On May 21, 2024, ZA'AKAH subsequently removed the confidential designation from an additional 60 documents. However, the Oorah Defendants contend that there are remaining documents related to the Plaintiff and her claims that are still improperly marked as confidential, whether pursuant to the Confidentiality Agreement in place for this matter or otherwise.[3] These documents can be broadly described as internal communications among ZA'AKAH employees[4] (and volunteers) discussing the Plaintiff's claims and the defendants. These documents do not contain trade secrets, confidential research, development information, marketing plans, proprietary business information, or any other items that are permitted to be marked as confidential under the Confidentiality Agreement. The Oorah Defendants believe such documents should not be marked confidential.

The Oorah Defendants reserve their rights under **Dkt. 62** to take the appropriate steps to address the marking of confidentiality for such documents but do not believe that ZA'AKAH's production, with the documents marked confidential, satisfies the So-Ordered Subpoena.

**Issues Regarding ZA'AKAH'S Deposition**

The Oorah Defendants also contend that ZA'AKAH and its attorneys engaged in improper conduct during ZA'AKAH's deposition which inhibited the compliance with the So-Ordered Subpoena. **Dkt. 137**.

For example, on May 9, 2024, Mr. Lovy invoked attorney-client privilege in a blanket fashion for virtually all questions about his or ZA'AKAH's interactions with Plaintiff's attorney,

---

[3] The Oorah Defendants can submit the documents in question for an *in-camera* inspection or pursuant to the procedures in place pursuant to the Confidentiality Agreement, although ZA'AKAH claims that it does not believe that the Confidentiality Agreement (**Dkt. 62**) does not pertain to it.

[4] These internal communications include both Asher Lovy and Ariella Goldberg-Kay, the two individuals employed by ZA'AKAH who the Oorah Defendants have identified as witnesses to this matter.

Honorable Cheryl L. Pollak
June 3, 2024
Page **3** of **4**

irrespective of whether these communications occurred within the scope of legal representation or contained any information typically protected under attorney-client confidentiality, and this included general questions regarding the type of legal services Plaintiff's attorney performed for ZA'AKAH. Additionally, upon inquiry as to whether Mr. Lovy had previously discussed the Plaintiff's allegations with the Plaintiff's attorney or with any individual at his office, the witness was directed not to respond on the basis of privilege. This broad assertion of privilege raised concerns regarding the appropriateness of its application and requires further review by the Court as to whether ZA'AKAH complied with the So-Ordered subpoena for its testimony. This approach also hindered the Oorah Defendants from conducting a fulsome deposition of ZA'AKAH.

There were also six instances where ZA'AKAH's counsel and the witness conferred privately, after which the witness consistently claimed attorney-client privilege to the pending question. Under E.D.N.Y. Local Civ. Rule 30.4, conferences between a deponent and their attorney are permissible to allow private communication between an attorney and a client while a question is pending to determine the assertion of privilege. However, on two occasions during the deposition, ZA'AKAH and his counsel also privately conferred with Plaintiff's attorney.

Furthermore, during the deposition, the deponent and ZA'AKAH's counsel exchanged handwritten notes on a legal notepad. Upon inquiry, ZA'AKAH's attorney confirmed the notepad contained handwritten notes of his advice to Mr. Lovy pertaining to active questions in the deposition.

The Oorah Defendants requested that the notepad be preserved and informed ZA'AKAH's counsel they intend to seek its production. Under Fed. Rule 612, notes that are passed to a deponent from their attorney are discoverable, and an adverse party is entitled to have the same produced, if a witness uses writing to refresh their memory for testifying, regardless of when the notes were drafted and reviewed before or during the testimony. In *Jolly v. Coughlin*, 1995 U.S. Dist. LEXIS 11944 (E.D.N.Y. 1999), the court held that notes passed between a deponent and his attorney after questioning resumed were discoverable because the deponent referred to the note during his deposition, and it therefore was used to prompt the witness's testimony and was discoverable under Fed. Rule 612. The passing of notes between ZA'AKAH's counsel and Mr. Lovy raises concerns about the potential for improper coaching of the witnesses and warrants further examination.

We will provide a copy of the deposition transcript and the document production that remains in dispute pursuant to your Honor's instructions regarding ZA'AKAH's compliance with the So-Ordered Subpoena.

The parties remain available to conference this matter should Your Honor's request pertaining to this report and regarding the compliance with the So-Ordered Subpoena to avoid further motion practice.

Honorable Cheryl L. Pollak
June 3, 2024
Page **4** of **4**

        Respectfully,

        */s/ Carla Varriale-Barker*

        Carla Varriale-Barker, Esq.

cc (via email):
| | |
|---|---|
| Leander L. James, IV, Esq. | ljames@jvwlaw.net |
| Aaron Twersky, Esq. | atwersky@twerskylaw.com |
| Matthew Lombardi, Esq | lombardi@tolmagepeskinlaw.com |
| Aidan Katz, Esq | Aidan.Katz@kirkland.com |